# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT A. ELLIOTT, SR.,<br><br>*Defendant.* | Crim. Action No.: 3:17-cr-00051 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter returns to the Court on Defendant Robert Elliott's Motion for Reconsideration (ECF No. 348) of the Court's September 14, 2020 Memorandum and Order denying Defendant's motion for compassionate release (ECF No. 346). For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

Elliott is a fifty-one-year-old inmate serving a two-year term of imprisonment at FCI Fort Dix after being convicted of one count of conspiracy to possess animals for use in animal fighting ventures and several counts relating to the possession of dogs for that purpose, in violation of 18 U.S.C. § 371 and 7 U.S.C. § 2156(a)(1), (b). (Moving Br. at 1, ECF No. 333; Opp. Br. at 2, ECF No. 335; Judgment, ECF No. 282). Elliott has been incarcerated for approximately 17 months and is expected to be released to a halfway house on December 22, 2020. (ECF No. 351 at 3).

In his motion for compassionate release, Elliott argued that his health conditions – namely, asthma, lung obstruction, obesity, and digestive and heart problems – put him at risk for serious illness should he contract COVID-19. Further, he alleged that his dyslexia made it difficult to obtain and take his medications as prescribed. The Court denied Elliott's motion

1

because (1) CDC recognizes asthma as a "potential" rather than known risk factor for severe COVID-19, and Elliott's asthma was being treated and was not severe; (2) Elliott had received adequate verbal instructions regarding his medications; (3) there was no evidence that Elliott was suffering complications or problems due to his lung defect; and (4) Elliott's BMI of 29.4 fell below CDC's obesity threshold. (Mem. & Order 7-10, ECF. No. 346). Further, at the time the Court decided the motion in August 2020, only two inmates had tested positive at Fort Dix, down from a high of forty in May 2020. (*Id.* at 10).

Elliott filed the instant motion for reconsideration on October 26, 2020. He highlighted the recent surge of COVID-19 cases at Fort Dix and the revised CDC guidelines, which now recognize "overweight" (BMI of at least 25 but less than 30) as a potential risk factor for severe illness from the virus. (ECF No. 348 at 2-3). The United States opposed the motion, arguing that (1) Elliott's circumstances have not changed since the Court's prior order; (2) BOP has adequate measures in place to control the spread of the virus, and the infected inmates live in a housing unit that is not near Elliott's; (3) the § 3553(a) factors do not support Elliott's early release; and (4) the Court lacks authority to disturb BOP's decision not to place Elliott on home confinement. (ECF No. 351 at 3-10, 13-15, 30-32). In his reply, Elliott insists that the COVID-19 situation at Fort Dix is not under control, as evidenced by an increase from zero to nearly 250 cases within a couple of weeks. (ECF No. 352 at 2). He also notes that his anticipated transfer to the halfway house in December 2020 is unlikely to occur due to "the current situation at FCI Fort Dix and the restrictions on movement." (*Id.*). He is scheduled for release on March 21, 2021. (*Id.*).

## **DISCUSSION**

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court finds that Elliott has demonstrated the requisite change in circumstances to support his motion for reconsideration. Since the Court's September 2020 decision, the cases of COVID-19 at Fort Dix have increased at an extraordinary rate. As of November 19, there are 238 positive cases among inmates and 18 among staff. *Covid-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 19, 2020). Further, Elliott now has two underlying health conditions that CDC recognizes as potential risk factors for severe coronavirus illness, in addition to the other health issues he described in his moving brief. When considering together Elliott's health conditions, the short portion of his sentence remaining to be served, and the present outbreak of cases at Fort Dix, the Court finds that extraordinary and compelling reasons for compassionate release are present. Therefore, Elliott's motion for reconsideration is granted.

## ORDER

This matter is before this Court on Defendant's motion for reconsideration (ECF No. 348); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 23th day of November, 2020,

**ORDERED** that Defendant's motion for reconsideration (ECF No. 348) is **granted**; and Defendant's sentence is reduced to **time served**. There being a verified residence and an appropriate release plan in place, Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made; and it is further

**ORDERED** that Defendant's previously imposed conditions of supervised release are modified as follows:

The Court adds the condition of Location Monitoring with the technology to be imposed at the discretion of the Probation Office, until March 21, 2021. Location Monitoring is to be imposed no sooner than seven days following Mr. Elliott's release from imprisonment in order to allow for a period of quarantine once he returns home.

_____
PETER G. SHERIDAN, U.S.D.J.